# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### CEDAR RAPIDS DIVISION

LANCE TOD SCHAEFER,

    Petitioner,

vs.

SHERIFF NICK ROGGENTIEN,

    Respondent.

No. C08-0040-LRR

**ORDER**

---

This matter is before the court on the submission of an application for a writ of habeas corpus and the required $5.00 filing fee. The Clerk's Office received such application and fee on April 18, 2008. John David Miller signed and submitted the application for a writ of habeas corpus on behalf of Lance Tod Schaefer or as a "next friend" of Lance Tod Schaefer.

Rule 4 of the Rules Governing Section 2254 Cases provides that the court shall conduct an initial review of the application for habeas corpus and summarily dismiss it, order a response, or "take such action as the judge deems appropriate." *See* Rule 4, Rules Governing Section 2254 Cases. The court may summarily dismiss an application without ordering a response if it plainly appears from the face of the application and its exhibits that the petitioner is not entitled to relief. *See id.*; 28 U.S.C. § 2243; *Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). For the reasons set forth below, summary dismissal is appropriate in this case.

> A "next friend" does not himself become a party to the habeas corpus action in which he participates, but simply pursues the cause on behalf of the detained person, who remains the real party in interest. Most important for present purposes, "next friend" standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another.

> Decisions applying the habeas corpus statute have adhered to at least two firmly rooted prerequisites for "next friend" standing. First, a "next friend" must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action. Second, the "next friend" must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate, and it has been further suggested that a "next friend" must have some significant relationship with the real party in interest. The burden is on the "next friend" clearly to establish the propriety of his status and thereby justify the jurisdiction of the court.
>
> These limitations on the "next friend" doctrine are driven by the recognition that "[i]t was not intended that the writ of habeas corpus should be availed of, as matter of course, by intruders or uninvited meddlers, styling themselves 'next friends.'" Indeed, if there were no restrictions on "next friend" standing in federal courts, the litigants asserting only a generalized interest in constitutional governance could circumvent the jurisdictional limits of Art. III simply by assuming the mantle of "next friend."

*Whitmore v. Arkansas*, 495 U.S. 149, 163-64, 110 S. Ct. 1717, 109 L. Ed. 2d 135 (1990) (citations omitted). Here, John David Miller does not provide an explanation as to why the petitioner is unable to prosecute the instant action, and he does not indicate what relationship he has with the petitioner. Based on the record, it appears that John David Miller is using the "next friend" vehicle to engage in the unauthorized practice of law.

Moreover, it is clear from the record that the petitioner is not in custody for purposes of 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 2254(a), a petitioner must be "in custody pursuant to the judgment of a State court." The United States Supreme Court held that, once the sentence imposed for a conviction has completely expired, an individual is not "in custody" under that conviction for purposes of habeas corpus attack, and, therefore, a federal court lacks jurisdiction. *Maleng v. Cook*, 490 U.S. 488, 491-92, 109 S. Ct. 1923, 104 L. Ed. 2d 540 (1989) (per curiam); *see also Love v. Tippy*, 128 F.3d

1258, 1258-59 (8th Cir. 1997) (per curiam) (following *Maleng*); *Taylor v. Armontrout*, 877 F.2d 726 (8th Cir. 1989) (same). The application for a writ of habeas corpus and the exhibits in support of such application indicate that the petitioner served thirty days as a result of being convicted of a simple misdemeanor, that is, criminal trespass, in 2006. When John David Miller filed the instant application for a writ of habeas corpus, the petitioner did not suffer from any type of restraint, and, consequently, the court lacks jurisdiction in this action.

Based on the foregoing, this action is dismissed. In the event that the petitioner desires a certificate of appealability, the court finds that a certificate of appealability is not warranted. *See* 28 U.S.C. § 2253(c).

**IT IS SO ORDERED**
**DATED** this 28th day of April, 2008.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA